**CARTER LEDYARD MILBURN**

If Plaintiff seeks to respond to Defendants' motion to stay discovery, she shall do so no later than October 8, 2024.

**Alexander G. Malyshev**
Partner
malyshev@clm.com

SO ORDERED.

_[signature]_

Hon. Ronnie Abrams

September 30, 2024

October 1, 2024

**Via ECF**
Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8618

Re: Rhonda A. Flores v. Gary Green, Joan DiSalvo, et al.
**Case No.: 24-cv-05568 (RA)**

Your Honor:

We represent Defendants Gary Green ("Green") and Joan DiSalvo ("DiSalvo") (collectively "Defendants") in this case. We respectfully request that the Court stay discovery pending the resolution of Defendants' partial motion to dismiss all causes of action as to DiSalvo and the third through eleventh causes of action as to Green.

Plaintiff Rhonda Flores filed her Complaint on July 23, 2024. *See* ECF No.1. On September 30, 2024, Defendants moved to dismiss all causes of action as to DiSavlo and the third through eleventh causes of action as to Green (the "Motion to Dismiss"). As set forth in the Motion to Dismiss, the only viable claims Plaintiff is likely to have after the motion is decided are for possible violations of the New York Labor Law ("NYLL") against Green. *See* Compl. ¶¶ 85-100. As set forth in communications with the primary regulator, the New York State Department of Labor ("NYS-DOL"), attached to this Letter as Exhibit A and Exhibit B, the amount at issue is between $ 11,616.11 and $ 13,361.59.

While the NYLL provides for *reasonable* attorneys' fees, communications with Plaintiff's counsel, Tyrone A. Blackburn, evince that he intends to engage in scorched earth tactics. *See* Exhibit C to this Letter ("Hopefully you'll put your selfish, self-serving desire to fill your pockets aside, and advise him to resolve this Case sooner rather than later before my legal fees and the cost of this case go through the roof. Plaintiffs current non-negotiable settlement demand is now $200,000 for Mr. Green, and $250,000 for Ms. DiSalvo. Take it or leave it. […] Finally, plaintiff will not consent to mediation or any early dispute resolutions until the end of fact discovery.").[1]

---

[1] Although styled as a "settlement" communication, the Court may consider it for the purposes of determining the scope of discovery. "FRE Rule 408 clearly states that settlement evidence that is not offered for one of the prohibited purposes in the rule . . . is permissible and admissible." *Equal Emp. Opportunity Comm'n v. Karenkim, Inc*., 2011 WL 13352967, at *3 (N.D.N.Y. Jan. 10, 2011). It includes a short list of examples of permissible purposes that is "merely suggestive" and "not intended to be an exclusive list." *EMI Catalogue P'ship v. CBS/Fox Co.*, 1996 U.S. Dist. LEXIS

1

Mr. Blackburn has been admonished in the past for his litigation tactics and was the subject of a referral to the Court's Grievance Committee by Judge Cote earlier this year. *See* Exhibit D, *Zunzurovski v. Fisher*, 23-cv-10881 (S.D.N.Y. 2023) (DLC), ECF # 24 (Opinion and Order). On September 5, 2024, the Court ordered the parties to mediate and deferred the date for submission of the Federal Rules of Civil Procedure ("Rule") 16(g) conference until after the mediation.

Pursuant to Rule 26(c), the Court has the discretion to stay discovery for "good cause shown." Fed. R. Civ. P. 26(c); *Thomas v. New York City Dep't of Educ.*, 2010 U.S. Dist. LEXIS 95798, at *6 (E.D.N.Y. Sept. 14, 2010). A stay of discovery pending a motion to dismiss is appropriate "where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be wsithout foundation in law." *Johnson v. N. Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotations and citations omitted). A stay of discovery is appropriate where a defendant has made a strong showing that the plaintiff's claims are unmeritorious, that discovery on the issues moved on would be burdensome, and the risk of unfair prejudice to, here, the Plaintiff, is low. *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).

A stay is appropriate here because it will advance the goals of proportionality – indeed if the Motion to Dismiss is successful, the amount at issue (exclusive of reasonable attorneys' fees) would likely be below the jurisdictional threshold. *See* 28 U.S.C. 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]").

If discovery is not stayed at this stage, Mr. Blackburn's stated goal of pursuing no-holds-barred discovery is likely to impose an extensive and unnecessary burden on the parties. By granting a stay, the Court can prevent parties' expenditure of significant resources that may ultimately be unnecessary. *See Buffalo Emergency Assocs., LLP v. Unitedhealth Grp., Inc.*, 2020 U.S. Dist. LEXIS 104828, at *3 (W.D.N.Y. June 16, 2020) (granting defendants' motion to stay when they have filed "a comprehensive motion to dismiss that, at the very least, may shape the number and nature of the claims going forward in a manner that could significantly impact the breath of discovery."). The Federal Rules of Civil Procedure, and specifically Rule 26(b)(1), make the requirement of proportionality explicit. The New York State Department of Labor has already looked at the factual material relevant to Plaintiff's wage claims and valued those claims in the low five-figure range. Moreover, Plaintiff only worked for Defendants for approximately seven months. These facts underscore that large-scale, costly discovery should be unnecessary to the extent the Court grants the Motion to Dismiss. Because discovery on the claims subject to the Motion to Dismiss is largely separate from discovery on the claims that are not, Defendants respectfully request this Court should exercise its discretion to stay discovery in this federal court.

The requested stay of discovery will not unfairly prejudice Plaintiff. The case is at an early stage and has been referred to mediation by the Court. Therefore, the stay sought here will necessarily be of limited duration and will not unfairly prejudice Plaintiff. "[T]he passage of a

---

7240, at *6-7 (S.D.N.Y. May 23, 1996). Because nothing in the language of Rule 408 requires exclusion of evidence of settlement negotiations on issues "other than liability for or invalidity of a claim or its amount," the Court can consider evidence of settlement negotiations to determine the potential scope and sequencing of discovery. *See id.*

reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *O'Sullivan v. Deutsche Bank AG*, 2018 U.S. Dist. LEXIS 70418, at *30 (S.D.N.Y. Apr. 26, 2018) (citation omitted).

Here, at worst, Plaintiff's case will be briefly delayed while the Court decides Defendants' motion, and the Court ordered mediation concludes. *See HAHA Glob., Inc. v. Barclays*, 2020 U.S. Dist. LEXIS 29637, at *3 (S.D.N.Y. Feb. 20, 2020) (staying discovery and noting that a stay "would not unfairly prejudice Plaintiff as the motions to dismiss already have been filed and, thus, any stay would last briefly."). Indeed, granting this request will likely reduce the costs of litigation for all parties and may conserve judicial resources to the extent discovery disputes on claims that the Court may dismiss will not occur.

## Conclusion

Based on the foregoing, Defendants respectfully request that all discovery in this matter be stayed pending the Court's resolution of Defendants' Partial Motion to Dismiss.

Respectfully submitted,

 /s/ *Alexander G. Malyshev* 
Alexander G. Malyshev
A. Jonathan Trafimow

cc: Fred Victor Charles
    Tyrone Anthony Blackburn
    Attorneys for Plaintiff