UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RHONDA FLORES,<br><br>                              Plaintiff,<br><br>v.<br><br>GARY GREEN, JOAN DISALVO, JOHN DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), JANE DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence) and ABC CORPORATIONS 1-10 (names being fictitious and used to connote unidentified entities responsible for this occurrence),<br><br>                              Defendants. | 24-CV-5568 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

The Court assumes that the parties are familiar with the facts and procedural history of this case. Therefore, only what is relevant to this Order is set forth below.

Plaintiff filed this action on July 23, 2024. ECF No. 1. Defendants filed a partial motion to dismiss on September 30, 2024, ECF No. 12, as well as a motion to stay discovery pending the Court's resolution of the motion to dismiss, ECF No. 15. On October 25, 2025, the Court stayed discovery pending resolution of the motion to stay.

Plaintiff filed an amended complaint on November 19, 2024, ECF. No. 26. Defendants then filed a partial motion to dismiss the amended complaint on December 13, 2024, ECF No 28, and renewed their motion to stay discovery, ECF No. 30. The Court has not yet ruled on the motion to dismiss or the motion to stay discovery, and thus discovery has not commenced.

On January 7, 2025, Plaintiff filed a motion seeking voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 32. Defendants consent to

Plaintiff's request to dismiss this case. *See* ECF No. 36. However, in order to preserve Plaintiff's claims for a potential state court action, the parties have not filed a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). *See* ECF No. 38.

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, [this] dismissal . . . is without prejudice." *Id.* Whether to grant a Rule 41(a)(2) motion is "within the district court's sound discretion." *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001).

"Generally, a motion under Rule 41(a)(2) 'will be allowed if the defendant will not be prejudiced thereby.'" *Jimenez v. Supermarket Serv. Corp.*, No. 01-CV-3273 (DLC), 2002 WL 662135, at *6 (S.D.N.Y. Apr. 22, 2002) (quoting *Catanzano*, 277 F.3d at 109); *see also Benitez v. Hitachi Metals Am., Ltd.*, No. 11-CV-6816 (NRB), 2012 WL 3249417, at *1 (S.D.N.Y. Aug. 6, 2012) ("[T]here is a general presumption that motions to dismiss claims without prejudice should be granted." (internal citations omitted)). "The Second Circuit has identified five factors relevant to considering whether a motion for voluntary dismissal without prejudice should be granted." *Am. Fed'n of State, Cty. & Mun. Employees v. Pfizer, Inc.*, No. 12-CV-2237 (JPO), 2013 WL 2391713, at *2 (S.D.N.Y. June 3, 2013). These factors—known as the *Zagano* factors—are: (1) "the plaintiff's diligence in bringing the motion," (2) "any 'undue vexatiousness' on plaintiff's part," (3) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial," (4) "the duplicative expense of relitigation," and (5) "the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011).

2

The first *Zagano* factor weighs in favor of dismissal. A plaintiff is often considered sufficiently diligent in moving for a voluntary dismissal so long as the motion was made "before discovery begins in earnest." *Sec. Exch. Comm'n v. One or More Unknown Purchasers of Sec. of Telvent GIT*, No. 11-CV-3794 (TPG), 2013 WL 1683665, at *2 (S.D.N.Y. Apr. 17, 2013). As noted, discovery in this action has not yet begun. Next, Defendants have consented to voluntary dismissal, and thus the third, fourth, and fifth *Zagano* factors also weigh in favor of dismissal. Finally, Plaintiff has provided an adequate explanation for the need to dismiss pursuant to Rule 41(a)(2), rather than by stipulation, because dismissal by stipulation may prevent her from bringing certain of her claims in a subsequent state court action. *See Barlow v. Sun Chem. Co.*, 15 Misc. 3d 953 (N.Y. Sup. Ct. 2007).

Accordingly, Plaintiff's motion for voluntary dismissal pursuant to Rule 41(a)(2) is granted, and this action is dismissed without prejudice.

The Clerk of Court is respectfully directed to terminate all pending motions and close this case.

SO ORDERED.

Dated:    January 22, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge